UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANT TRIMALE PRATT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. HEDRICKS, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01129-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Docket No. 1. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly found guilty at a prison disciplinary hearing. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). Liberty interests can arise both from the Constitution and from state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id*. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See Hewitt*, 459 U.S. at 466-68.

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Connor*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. When conducting the *Sandin* inquiry, Courts should look to Eighth Amendment standards as well as the prisoners' conditions of

1  confinement, the duration of the sanction, and whether the sanctions will affect the length of the
2  prisoners' sentence. See *Serrano*, 345 F.3d at 1078.  The placement of an inmate in the SHU
3  indeterminately may amount to a deprivation of a liberty interest of "real substance" within the
4  meaning of *Sandin*.  See *Wilkinson*, 545 U.S. at 224.

5  The Supreme Court has established five procedural requirements for disciplinary hearings.
6  *See Wolff*, 418 U.S. at 539.  First, "written notice of the charges must be given to the disciplinary-
7  action defendant in order to inform him of the charges and to enable him to marshal the facts and
8  prepare a defense." *Id*. at 564.  Second, "at least a brief period of time after the notice, no less
9  than 24 hours, should be allowed to the inmate to prepare for the appearance before the
10 [disciplinary committee]." *Id*.  Third, "there must be a 'written statement by the factfinders as to
11 the evidence relied on and reasons' for the disciplinary action." *Id*. (quoting *Morrissey v. Brewer*,
12 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed
13 to call witnesses and present documentary evidence in his defense when permitting him to do so
14 will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566.  Fifth,
15 "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it
16 unlikely that the inmate will be able to collect and present the evidence necessary for an adequate
17 comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have
18 adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id*. at
19 570.  The Court specifically held that the Due Process Clause does not require that prisons allow
20 inmates to cross-examine their accusers, *see id*. at 567-68, and does not give rise to a right to
21 counsel in the proceedings, *see id*. at 569-70.

22 Plaintiff states that he was improperly found guilty of committing a battery on another
23 inmate resulting in serious bodily injury.  However, plaintiff does not describe his punishment and
24 if it meets the legal standards above to obtain relief.  Nor has plaintiff described how the hearing
25 violated his constitutional rights with respect to *Wolff*.  The complaint is dismissed with leave to
26 amend to address these deficiencies.

3

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 29, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYANT TRIMALE PRATT,

    Plaintiff,

v.

B. HEDRICKS, et al.,

    Defendants.

Case No. 16-cv-01129-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ryant Trimale Pratt ID: H-06191
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: September 29, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5