UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANT TRIMALE PRATT,<br>        Plaintiff,<br>    v.<br>B. HEDRICKS, et al.,<br>        Defendants. | Case No. 16-cv-01129-JD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 28, 29 |

Ryant Pratt, a state prisoner proceeding pro se, has sued under 42 U.S.C. § 1983 alleging that defendants violated his due process rights in finding him guilty of a prison disciplinary violation. Defendants filed a motion for summary judgment. Pratt filed an opposition and defendants filed a reply. The motion is granted.

**BACKGROUND**

The following facts are undisputed unless otherwise noted:

On June 18, 2013, Pratt was observed with another inmate punching the victim. Motion for Summary Judgment ("MSJ"), Shearon Decl. ¶ 2. Correctional officers arrived and ordered Pratt and the other inmate to stop, but both continued to kick and punch the victim, who was on the ground. *Id*. Correctional officers fired a sponge round and then used pepper spray on Pratt and the other inmate to stop the attack, and all three inmates were evaluated by medical staff. *Id*. The victim had an abrasion on his shoulder and problems with his jaw. *Id*.; MSJ, Desta Decl. (Docket No. 29) ¶ 2. Plaintiff concedes there was an incident with the victim, but contends that the victim stated it was just "horseplaying." MSJ, Medina Decl., Ex. B at 13 of 92.

On June 21, 2013, prison officials charged Pratt with battery on an inmate in Rules Violation Report ("RVR") No. SVSP-FB13-06-0034. MSJ, Shearon Decl. ¶ 3. At his request Pratt was provided an investigative employee to collect and present evidence. MSJ, Martinez Decl

¶¶ 8-9.

The prison's Chief Medical Executive reported that the victim's injuries met the definition of serious bodily injury pursuant to California Penal Code section 243(f)(4), so the charge against plaintiff was upgraded to battery on an inmate with serious bodily injury. MSJ, Solis Decl. ¶ 4. On July 3, 2013, Pratt was issued a supplemental RVR with the upgraded charge. *Id*. ¶ 5.

The investigative employee interviewed Pratt about his defense, but Pratt declined to make a statement and instead submitted handwritten questions for witnesses. MSJ, Martinez Decl. ¶ 9. Pursuant to Pratt's instructions the investigative employee interviewed and took statements from a staff physician, a nurse, the victim and a correctional captain who is one of the defendants in this case. *Id*. The investigative employee summarized the witnesses' statements and submitted them to a senior hearing officer. *Id*. In preparation for the hearing, Pratt was given a copy of the investigative employee's report and he was examined by a mental health clinician to ensure that he could proceed with the hearing. *Id*. ¶¶ 9, 11. Pratt made no request for any witness to appear and no request for any evidence to be produced at the hearing. *Id*. ¶¶ 9-12.

The hearing was held on July 19, 2013. *Id*. ¶¶ 12-14. Pratt refused to attend the hearing so a not-guilty plea was entered on his behalf. *Id*. ¶ 13. No witnesses testified on Pratt's behalf because he did not request any. *Id*. The hearing officer reviewed all the materials, including the investigative employee's report, the victim's statement, the incident and medical reports, and the written questions and responses requested by Pratt. *Id*. Pratt was found guilty of battery on an inmate causing serious bodily injury and assessed 360 days loss of credits, 30 days loss of privileges and a referral to the classification committee for program review. *Id*. ¶¶ 12-15. The hearing officer gave less weight to the victim's characterization of the incident as horseplay because the victim could have been dissuaded from making statements against the perpetrators for safety reasons. *Id*. ¶ 14. The hearing officer also noted that if the incident was just horseplay, then it would not have required multiple direct orders, pepper spray and sponge rounds to stop the assault. *Id*.

Pratt challenged the disciplinary finding through the prison inmate appeals system. Am.

Compl. (Docket No. 14) at 7; MSJ, Voong Decl. ¶ 10. Pratt's appeal was successful and it was ordered that the disciplinary finding be vacated and a new hearing held because the hearing officer failed to articulate in his report how the victim's injuries met the standard for serious bodily injury. MSJ, Voong Decl. ¶ 10. A new RVR was issued, No. SVSP-FB14-05-0007R, and a new hearing was held before a different hearing officer. MSJ, Solis Decl. ¶¶ 8-9. Pratt declined any help from staff and did not request any witnesses for the hearing. Id. The new hearing was held on June 13, 2014, and Pratt was found guilty of simple battery and assessed 90 days of credit forfeiture. *Id*. He was not found guilty of battery with serious bodily injury. *Id*.

**LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id*.

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id*. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id*. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with

3

evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has established five procedural requirements for disciplinary hearings. *Id*. at 539. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id*. at 564. Second, "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id*. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id*. (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id*. at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id*. at 567-68, and does not give rise to a right to counsel in the proceedings, *see id*. at 569-70.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence

4

from which the conclusion of the administrative tribunal could be deduced. *See id*. at 455.

**DISCUSSION**

It is undisputed that the RVR finding for battery causing serious bodily injury was vacated along with the resulting punishment. It is also undisputed that at the rehearing Pratt was found guilty of simple battery. Pratt's arguments concern the due process protections at the first hearing and that there was insufficient evidence for a guilty finding at that hearing. However, when an alleged due process violation is corrected by additional process, no due process violation has occurred. *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015). The facts of *Frank* are similar to this case. The inmate in *Frank* lost time credits after a disciplinary hearing and filed an appeal to prison officials, who granted the appeal, and the time credits were restored. *Id*. The inmate in *Frank* filed a federal civil rights action alleging a due process violation, but the district court dismissed the case. *Id*. The Ninth Circuit agreed and held that the procedural error was corrected through the administrative process. *Id*. For the same reasons as in *Frank*, summary judgment is granted for defendants because the error in Pratt's hearing was corrected. *See id*.; *see also Strohmeyer v. Belanger,* 661 F. App'x 471, 473 (9th Cir. Aug. 5, 2016) (administrative reversal cured process violations).

To the extent that Pratt argues there was a due process violation simply by being accused of committing a battery causing serious bodily injury, he is not entitled to relief. He cites no case law that charging an inmate in these circumstances could constitute a due process violation. Moreover, in *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997), the Ninth Circuit declined to extend the "some evidence" standard to a prison officer's initial accusation of a rule violation. Pratt also argues that he suffered deprivations after his inmate appeal was granted and after there was a new hearing for the RVR. However, this punishment was independent of the original RVR and the original finding of battery causing serious bodily injury. Pratt's punishment was based on the finding of simple battery in the new hearing. To the extent Pratt argues it was improper that he was again charged with causing serious bodily injury, he was not found guilty of that charge; thus, there was no harm. Moreover, this action only involves his allegations concerning the first hearing. Pratt does not present allegations in the amended complaint concerning the second

5

hearing.[1]

Despite the first RVR being vacated due to the failure of the hearing officer to articulate how the victim's injuries met the standard for serious bodily injury, the *Wolff* requirements were met, and Pratt cannot demonstrate a due process violation. Pratt was provided notice of the charges and an investigative employee to investigate the case. There were several weeks between the issuance of the RVR and the hearing which allowed Pratt and the investigative employee to investigate and prepare the case. The hearing officer prepared a written statement regarding the evidence and the reasons for the disciplinary action, and Pratt was provided the opportunity to call witnesses and present a defense. While Pratt did not appear at the hearing, the questions and answers he presented to several witnesses were reviewed. Pratt also received a mental health evaluation to ensure that he understood the procedures and proceedings.

While the prison found that the hearing officer failed to articulate how the victim's injuries met the standard for serious bodily injury, Pratt has not demonstrated a federal due process violation, and, regardless, any error was cured with the vacating of the disciplinary finding and the holding of a new hearing. For all these reasons, defendants are entitled to summary judgment.[2]

**Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id.* at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the

---

[1] Regardless, a review of the record demonstrates there was some evidence to find Pratt guilty of simple battery. Three correctional officers observed Pratt punching the victim and Pratt concedes there was an incident but that the victim called it horseplay.
[2] Because the Court is granting the motion for summary judgment on the merits, defendants' argument that Pratt failed to exhaust his claims against two of the three defendants will not be addressed.

6

deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The Court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

Even if the Court were to find that defendants had deprived plaintiff of a constitutional right, they would still be entitled to qualified immunity. The record demonstrates that the disciplinary finding was vacated and Pratt was provided a new hearing due to the hearing officer's failure at the first hearing to articulate how the victim's injuries met the standard for serious bodily injury. At the new hearing Pratt was only found guilty of simple battery. It would not be clear to a reasonable official that the various procedures and safeguards that vacated the finding and provided for a new hearing, at which Pratt was found guilty of a lesser offense than he had originally been found guilty of, would be unlawful.

**CONCLUSION**

1. Defendants' motion for summary judgment (Docket No. 28) is **GRANTED**.

2. Defendants' motion to file the victim's medical records under seal (Docket No. 29) is **GRANTED** and the medical records (Docket No. 29, Ex. A) shall be filed **UNDER SEAL** and the Court has reviewed it in camera.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2018

JAMES DONATO
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | |
| RYANT TRIMALE PRATT,<br>    Plaintiff,<br>v.<br>B. HEDRICKS, et al.,<br>    Defendants. | Case No. 16-cv-01129-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ryant Trimale Pratt ID: H06191
P.O. Box 7500
Crescent City, CA 95532


Dated: January 16, 2018

                                              Susan Y. Soong
                                              Clerk, United States District Court


                                              By: /s/ Lisa R. Clark
                                              LISA R. CLARK, Deputy Clerk to the
                                              Honorable JAMES DONATO